UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZIMMER M/L TAPER HIP PROSTHESIS
OR M/L TAPER HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND VERSYS FEMORAL HEAD
PRODUCTS LIABILITY LITIGATION

MDL No. 2859

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in two actions pending in the Eastern District of Michigan (*Pastor*) and the District of Minnesota (*Hackett*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Minnesota. The litigation consists of 21 actions, as listed on Schedule A. The Panel has been notified of seven additional actions involving related issues.[1]

Plaintiffs in seven actions submitted a collective response in support of centralization in the District of Minnesota (or, in the alternative, the District of Maine). Common Zimmer defendants (Zimmer) oppose centralization.[2] If the Panel orders centralization over Zimmer's objections, Zimmer argues for either the Southern District of Indiana or the Northern District of Illinois as the transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues concerning the Zimmer M/L Taper Hip Prosthesis (M/L Taper) or the Zimmer M/L Taper Hip Prosthesis with Kinectiv Technology (Kinectiv) when either is paired with the VerSys Hip System Femoral Head (VerSys Head). Plaintiffs allege that the interaction (junction) between the titanium alloy M/L Taper or Kinectiv and the cobalt-chromium alloy VerSys Head can result in trunnionosis (wear of the femoral head-neck interface), corrosion, and release of metal debris, which can lead to the implanted patient suffering metallosis, adverse local tissue reaction, loss of bone tissue (osteolysis), or other injury, and requiring revision surgery. Plaintiffs contend that Zimmer

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2

[2] Zimmer Holdings, Inc., Zimmer, Inc., Zimmer Biomet Holdings Inc., Zimmer US Inc., Zimmer Surgical, Inc., Zimmer Biomet Inc, Zimmer Biomet US, Inc., and Zimmer Biomet Fegan, Inc.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

defectively designed and manufactured the components, failed to adequately test them, and failed to warn doctors and the public regarding the risk of serious injury from use of the components. Centralization will eliminate duplicative discovery, avoid the possibility of conflicting rulings on *Daubert* and other pretrial motions, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, Zimmer argues that (1) there are insufficient common factual issues and discovery will not overlap, because the three components (M/L Taper, Kinectiv, and VerSys Head) are distinct products with different development and regulatory histories; (2) individual, plaintiff-specific issues (*e.g.*, application of the learned intermediary doctrine) overwhelm any common issues; and (3) given the number of actions and involved plaintiffs' counsel, informal coordination and cooperative efforts by the parties are preferable to formal centralization. These arguments are not convincing. First, plaintiffs' allegations do not concern each component in isolation, but rather, the use of either the M/L Taper or Kinectiv in combination with the VerSys Head. Second, the presence of some individual factual issues is true of most products liability cases and, in particular, medical device cases. *See In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1380 (J.P.M.L. 2014). Such differences are not an impediment to centralization where there are substantial factual issues in common. *See In re: Benicar (Olmesartan) Prods. Liab. Litig.*, 96 F. Supp. 3d 1381, 1382 (J.P.M.L. 2015) (rejecting argument that each of the involved injury cases would turn on "unique, plaintiff-specific issues, including, for example, the subject plaintiff's medical history and the treatment decisions made by that plaintiff's physician"). Third, with twenty-eight related actions pending in eleven districts, we do not believe that informal coordination or other alternatives to centralization are workable. Indeed, the representations made by counsel at oral argument left us with considerable doubt concerning the parties' cooperative efforts to date.

We conclude that the Southern District of New York is an appropriate transferee district for this litigation. Two constituent actions are pending in that district, including *Shaw*, which is one of the most advanced cases (commenced in March 2017). Judge Paul A. Crotty, to whom we assign the litigation, is presiding over *Shaw*. He is an experienced transferee judge, having previously handled three other MDLs. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul A. Crotty for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: ZIMMER M/L TAPER HIP PROSTHESIS
OR M/L TAPER HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND VERSYS FEMORAL HEAD
PRODUCTS LIABILITY LITIGATION**     MDL No. 2859

## SCHEDULE A

District of Alaska

HICKEY, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 3:16-00045
DERIFIELD, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 3:18-00021

Northern District of California

ROBERTS v. ZIMMER BIOMET, INC., ET AL., C.A. No. 4:18-03564

Middle District of Florida

HEINEMAN v. ZIMMER BIOMET, INC., ET AL., C.A. No. 8:17-02420

District of Maine

MILLER, ET AL. v. ZIMMER BIOMET, INC., ET AL., C.A. No. 2:17-00265
LLOYD, ET AL. v. ZIMMER BIOMET HOLDINGS, INC., ET AL.,
    C.A. No. 2:17-00352
MYRICK v. ZIMMER, INC., ET AL., C.A. No. 2:17-00480
WALDEIER v. ZIMMER BIOMET HOLDINGS, INC., ET AL., C.A. No. 2:18-00004
PRIDE, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 2:18-00108
GRAHAM-FORTIN v. ZIMMER BIOMET HOLDINGS, INC., ET AL.,
    C.A. No. 2:18-00204

Eastern District of Michigan

PASTOR v. ZIMMER, INC., ET AL., C.A. No. 2:18-11461

District of Minnesota

HOLLENKAMP, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01304
LAUKKA, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01305
METZGER, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01310
NESS, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01326
HARMS, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01378
HACKETT, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 0:18-01407

Eastern District of New York

VIANIA v. ZIMMER, INC., ET AL., C.A. No. 2:17-01641

Southern District of New York

SHAW v. ZIMMER, INC., ET AL., C.A. No. 1:17-02119
LUCKASAVAGE, ET AL. v. ZIMMER, INC., ET AL., C.A. No. 1:17-07451

Eastern District of Wisconsin

LIESCH, ET AL. v. ZIMMER BIOMET HOLDINGS, INC., ET AL.,
    C.A. No. 1:17-01036